# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **GEORGES CAMISO BACHOUR,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **No. 6:26-CV-00668-LS** |
| | § | |
| **U.S. DEPARTMENT OF HOMELAND SECURITY, SECRETARY; U.S. IMMIGRATION AND CUSTOM ENFORCEMENT (ICE), ACTING DIRECTOR; ICE ENFORCEMENT AND REMOVAL OPERATION, FIELD OFFICE DIRECTOR; AND LIMESTONE COUNTY DETENTION CENTER, WARDEN,** | § | |
| | § | |
| ***Respondents*.** | § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Georges Camiso Bachour filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner also filed a motion for a temporary restraining order ("TRO").[2] Petitioner's motion requests the Court to enjoin Respondents from (1) "transferring [him] outside the jurisdiction in a manner that would interfere with this Court's jurisdiction," and (2) "removing or deporting Petitioner from the United States" while his case remains pending.[3] The Court has discretion to grant or deny a TRO based on four elements:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[4]

---

[1] ECF No. 1
[2] ECF No. 2 at 1.
[3] *Id.*
[4] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

The Court lacks jurisdiction to issue a stay of, or "restrain," Petitioner's removal.[5] Federal courts lack jurisdiction over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [Chapter 12]."[6] That jurisdictional bar "clearly . . . include[s] . . . those claims connected directly and immediately with a decision or action by the Attorney General to . . . execute removal orders."[7] Because Petitioner's request for the Court to "restrain [his] removal"[8] is "directly and immediately"[9] connected to his removal order, the Court does not have jurisdiction to stay his removal.

The Court's jurisdiction over Petitioner's habeas petition would not be affected if Petitioner were transferred to another detention facility. As an initial matter, the Court has jurisdiction over Petitioner's habeas petition. For the Court to have jurisdiction, "the petition [must] be filed in the district of confinement and . . . name the petitioner's immediate custodian."[10] When Petitioner filed his petition, he was allegedly detained the Limestone County Detention Center in Groesbeck, Texas, which is located in the Western District of Texas.[11] Since the Court's jurisdiction "attache[s] upon the initial filing for habeas corpus relief,"[12] if "the Government move[d] [Petitioner] . . . after []he properly file[d] a petition . . . the District Court [would] retain[] jurisdiction and may direct the writ to any respondent within its jurisdiction who has the legal authority to effectuate the prisoner's release."[13]

---

[5] ECF No. 2 at 1.
[6] 8 U.S.C. § 1252(g).
[7] *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999) (internal quotations omitted).
[8] ECF No. 2 at 1.
[9] *Humphries*, 164 F.3d at 943.
[10] *Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004)); *see also* 28 U.S.C. § 2242 (stating that a habeas petition must "allege . . . the name of the person who has custody over him . . . *if known*") (emphasis added).
[11] ECF No. 2 at 1.
[12] *McClure v. Hopper*, 577 F.2d 938, 939 (5th Cir. 1978).
[13] *Padilla*, 542 U.S. at 442 (citing *Ex parte Endo*, 323 U.S. 426 (1944)).

Accordingly, the Court **DENIES** Petitioner's motion for a TRO [ECF No. 2] to enjoin his removal or transfer.

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 20, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**